IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GARY COZMYK,

        Plaintiff,

v.                                     CIVIL ACTION NO. 2:11-cv-00375

PROMPT RECOVERY SERVICES, INC.,

        Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the defendant Prompt Recovery Services, Inc.'s ("PRS") Combined Civil Rule 12(b)(2) and 12(b)(6) Motion to Dismiss [Docket 14]. For the reasons discussed below, the defendant's Rule 12(b)(6) Motion to Dismiss is **GRANTED** and the defendant's Rule 12(b)(2) Motion to Dismiss is **DENIED as moot**.

**I.    Background**

    a.    *Facts*

This case arises out of an alleged telephone call and voicemail message from PRS to Gary Cozmyk. (Compl. [Docket 1], ¶ 10.) The plaintiff claims that PRS left one message for him on his family answering machine and that the voicemail was seeking payment for a debt. (*Id.*) The plaintiff asserts that leaving the voicemail message on the family answering machine violated the Fair Debt Collection Practices Act (FDCPA) § 1692b(2) because the defendant allegedly revealed on the family answering machine that the plaintiff owed a debt, and "thus disclos[ed] Plaintiff's alleged debt to third parties." (*Id.* ¶ 11.) The defendant is an Ohio business that is licensed to do business in West Virginia, and its headquarters is in Twinsburg,

Ohio. (Def.'s Reply Brief [Docket 18], at 1; Pl.'s Brief Opp'n Def.'s Mot. to Dismiss [Docket 17], at 4.)

    b.  *Procedural History*

The plaintiff instituted this action by filing the Complaint on May 25, 2011. (Compl. [Docket 1].) On July 21, 2011, the defendant answered the Complaint and, in its answer, pled lack of personal jurisdiction over the defendant as an affirmative defense. (Answer [Docket 11].) Subsequently, the defendant filed a Combined Civil Rule 12(b)(2) and 12(b)(6) Motion to Dismiss Complaint [Docket 14]. This Motion is now ripe for review.

**II. Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted Legal Standard**

A motion to dismiss filled under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarranto v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. As the Supreme Court reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in

a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise a claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. Analysis

PRS asserts that Cozmyk has failed to state a claim under 15 U.S.C. § 1692b(2). (Mem. Supp. Def.'s Rule 12(b)(2) & 12(b)(6) Mot. to Dismiss [Docket 15], at 2-3.) Specifically, PRS argues that Cozmyk did not allege "that a third party heard the communication." (*Id.* at 2.) Because there is no allegation in the Complaint that a third party heard the communication, PRS claims that the plaintiff has failed to allege facts, which if true, would establish that the defendant violated § 1692b(2), and the court should dismiss the claim. (*Id.* at 3.)

In response, the plaintiff claims that the voicemail left by PRS on the family answering machine was "disclosed to third parties." (Pl.'s Brief Opp'n Def.'s Mot. to Dismiss [Docket 17],

at 5.) The plaintiff asserts that his use of the word "disclose" in his Complaint is sufficient because "disclosed" is defined as "to make known or reveal to another or to the public." (*Id.*) The plaintiff argues that by using the word disclose, it alleged that the debt was communicated to a third party. (*Id.*)

The FDCPA was enacted in 1977 to protect consumers from abusive debt collection practices. 15 U.S.C. § 1692; *see also* Colin Hector, Comment, *Debt Collection in the Information Age: New Technologies and the Fair Debt Collection Practices Act*, 99 CALIF. L. REV. 1601, 1606 (2011). It protects debtors by regulating a debt collector's communications with the debtor and with third parties. *See Gryzbowski v. I.C. Sys., Inc.*, 691 F. Supp. 2d 618, 622 (M.D. Pa. 2010). With regard to a debt collector's communications with third parties, the FDCPA prohibits a debt collector from communicating "in connection with the collection of any debt" with third parties other than the ones specifically listed in § 1692c(b) except as otherwise provided in the statute. 15 U.S.C. § 1692c(b). The FDCPA does permit a debt collector to communicate with third parties "for the purpose of acquiring location information about the consumer," but it restricts what the debt collector may reveal during these communications. 15 U.S.C. § 1692b.

In this case, the plaintiff claims that PRS's message on the family answering machine violated § 1692b. (Compl. [Docket 1], ¶ 11.) Section 1692b states that: "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . not state that such consumer owes any debt." 15 U.S.C. § 1692b.

The disputed part of the Complaint states in pertinent part that: "Defendant violated § 1692b(2) of the FDCPA by stating Plaintiff owes a debt on his family answering machine, and thus, disclosing Plaintiff's alleged debt to third parties." (Compl. [Docket 1], ¶ 11.) This paragraph repeats a similar allegation made earlier in the Complaint. (*Id.* ¶ 10.)

Section 1692b regulates communications from debt collectors "*with any person* other than the consumer for the purpose of acquiring location information about the consumer." *Id.* (emphasis added). When interpreting a statute, a court must "give the terms their 'ordinary, contemporary, common meaning, absent an indication Congress intended [them] to bear some different import.'" *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 137 (4th Cir. 2009) (quoting *N.C. ex rel. Cooper v. Tenn. Valley Auth.*, 515 F.3d 344, 351 (4th Cir. 2008)). This court must give the phrase "any debt collector communicating with any person other than the consumer" its plain and ordinary meaning. *See Aziz v. Alcolac, Inc.* 658 F.3d 388, 392 (4th Cir. 2011).

The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692(a)(2). The statutory language of § 1692b(2) regulates debt collectors "*communicating with* any person other than the consumer." *See* 15 U.S.C. § 1692b (emphasis added). As used in § 1692b, "communicating" is an intransitive verb. The Merriam-Webster Dictionary defines the intransitive verb form of communicate as: "to transmit information, thought, or feeling so that it is satisfactorily received or understood." MERRIAM-WEBSTER DICTIONARY, http://www.merriam-webster.com/dictionary/communicate (last visited Mar. 27, 2012). Therefore, the court **FINDS** that in the context of a debt collector communicating with a third party, a message is not a communication until it is received or understood by the third party.

Other courts agree that the definition of communication requires that the message be received. *See, e.g., Seaworth v. Messerli*, No. 09-3437, 2010 WL 3613821, at *5 n.6 (D. Minn. Sept. 7, 2010) ("[I]f a letter is mailed to a consumer but the letter is never received, can it be an actionable 'communication' under the FDCPA? The Court concludes that the answer is, 'No.'"); *Zortman v. J.C. Christensen & Assocs.*, No. 10-3086, 2011 WL 1630935, at *5 (D. Minn. Apr. 29, 2011); *Rayl v. Moores*, No. 09-cv-00554, 2010 WL 4386784, at *3 (S.D. Ind. Oct. 28, 2010) ("Because a voicemail cannot logically 'convey[] . . . information' to a homeowner who never heard it, the voicemail cannot qualify as a communication . . . ."). In a related context, courts have found that unanswered telephone calls do not constitute communications under the FDCPA. *See, e.g., Worsham v. Acct. Receivables Mgmt., Inc.*, No. JKB-10-3051, 2011 WL 5873107, at *3 (D. Md. Nov. 22, 2011); *Wilfong v. Persolve, LLC*, No. 10-3083, 2011 WL 2678925, at *4 (D. Or. June 2, 2011).[1] When determining that unanswered telephone calls are not communications, courts have emphasized that an unanswered telephone call does not convey information about the debt. *See, e.g., Wilfong*, 2011 WL 2678925, at *4.

Courts have compared an answering machine message to an unopened letter on a table; the letter's contents are unknown until someone opens the envelope. *See, e.g., Hicks v. Am.'s Recovery Solutions, LLC*, 816 F. Supp. 2d 509, 514 (N.D. Ohio 2011). Similarly, a message on an answering machine is not received by or disclosed to a third party unless the third party hears the message. *See Gryzbowski v. I.C. Sys., Inc.*, 691 F. Supp. 2d 618, 624 (M.D. Pa. 2010); *Rayl*, 2010 WL 4386784, at *3.

---

[1] The court is aware that an unanswered telephone call was found to be a communication in *Stover v. Fingerhut Direct Marketing, Inc.*, No. 5:09-cv-00152, 2010 WL 1050426, at *4 (S.D. W. Va. Mar. 17, 2010). That case arose under the West Virginia Consumer Credit and Protection Act. *Id.* at *1. The instant case arises under the FDCPA.

In this case, the Complaint does not allege that a third party actually received or understood the message. Therefore, the plaintiff has failed to assert sufficient facts which would allow "the court to draw the reasonable inference" that PRS violated § 1692b. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff's Complaint does not "'state a claim for relief that is plausible on its face.'" *Id.* at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court **GRANTS** the defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim on which Relief can be Granted.

### IV. Conclusion

For the reasons stated above, the defendant's Rule 12(b)(6) Motion to Dismiss is **GRANTED** and the defendant's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER: March 30, 2012

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE